IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEVEN SPRINGS LIMITED PARTNERSHIP, | |
| Plaintiff, | CIV. NO. S-07-0142 LKK GGH |
| vs. | |
| FOX CAPITAL MANAGEMENT CORP., | |
| Defendant. | AMENDED ORDER |

Presently pending before the court is defendant's motion to stay discovery, filed March 26, 2007. On March 30, 2007, after telephonic conference, the court issued an order granting in part the motion and staying most discovery temporarily until plaintiff's opposition to the motion to dismiss could be reviewed. In the meantime, the court permitted three depositions to go forward.

The court has now reviewed the motion to dismiss and all papers filed in connection with it, and issues the following final order denying defendant's motion to stay discovery.

\\\\\

\\\\\

1

BACKGROUND

Seven Springs Limited Partnership ("Seven Springs") filed this action on January 22, 2007, alleging that Fox Capital Management Corporation ("Fox") previously was a general partner of an entity which owned commercial property now owned by Seven Springs since 1996, and that the property was contaminated by a tenant between 1972 and 1979, during the time of Fox's ownership. Seven Springs alleges that the contamination was caused by a coin operated dry cleaning unit on the site which deposited perchloroethylene there, giving Seven Springs several claims under CERCLA. Seven Springs apparently discovered the contamination in 2003.

The three deponents for which the court previously permitted depositions worked at the site during the time the dry cleaning unit was there. Those deponents were in their late 70s or 80s and had health problems. The remaining issue is whether discovery other then these three depositions should be stayed pending a resolution on the motion to dismiss. The motion to dismiss has now been fully briefed and is scheduled to be heard on April 23, 2007.

DISCUSSION

     A.    Standards For Granting A Stay Of Discovery

This court has great discretion to issue protective orders denying discovery. B.R.S. Land Investors v. United States, 596 F.2d 353, 356 (9th Cir. 1979). Nonetheless, the Federal Rules provide that good cause is required in order for a party to obtain a protective order. Fed. R. Civ. P. 26(c); Kiblen v. Retail Credit Co., 76 F.R.D. 402, 404 (E.D. Wash. 1977). To prevail on a motion for a protective order, the party seeking the protection has the burden to demonstrate "particular and specific demonstration[s] of fact, as distinguished from conclusory statements . . . ." Id.; Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D.Nev. 1989); Kamp Implement Co. v. J.I. Case Co., 630 F. Supp. 218, 219 (D. Mont. 1986).

This court generally applies a two pronged analysis in deciding whether to grant a protective order staying discovery before other pending motions can be heard. First, a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at

which discovery is directed.  Panola Land Buyer's Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985).  Magistrate judges have been given broad discretion to stay discovery pending decisions on dispositive motions, including motions for summary judgment.  Id.; see also, Scroggins v. Air Cargo, Inc., 534 F.2d 1124, 1133 (5th Cir. 1976).  The court may, for example, stay discovery when it is convinced that plaintiff will be unable to state a claim for relief or if the action is moot.  B.R.S. Land Investors, 596 F.2d at 356; Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981).

Second, the court must determine whether the pending dispositive motion can be decided absent additional discovery.  See, e.g., Church of Scientology of San Francisco v. Internal Revenue Service, 991 F.2d 560, 563 (9th Cir. 1993), vacated in part on other grounds, 30 F.3d 101 (9th Cir. 1994).  If the court answers these two questions in the affirmative, a protective order may issue.  However, if either prong of this test is negative, discovery proceeds.  Denying a protective order is particularly appropriate if a stay of discovery could preclude either party from fully preparing for the pending dispositive motion.  Id.

Seven Springs does not seriously contend that it needs the sought discovery in order to combat the motion to dismiss.  Rather, Seven Springs believes that the first prong of the discovery stay test will not be met, i.e., Fox will not ultimately be successful on its motion to dismiss; therefore, the motion is not dispositive of the proceedings.

The remainder of the court's discussion will thus focus on the merits of defendant's motion to dismiss as the reason for a discovery stay.  It must be emphasized that the undersigned does not sit as the adjudicator on the merits of Fox's dispositive motion.  No pronouncement of this court concerning the merits of the dispositive motion binds the district judge in any way.  However, the undersigned must take a "peek" at the merits in order to assess the validity of the stay of discovery motion.  Obviously, if the motion (in the undersigned's opinion) is completely devoid of merit, the motion will not stand to bar discovery at this time.  On the other hand, if the motion will surely be granted, this court would exercise its discretion to

1  block discovery in order to alleviate wasted resources and time.  Neither of the above extreme
2  endpoints on the dispositiveness spectrum is apparent with respect to the issues in Fox's
3  dispositive motion.  Therefore, the precise standard that this court will use in exercising its
4  discretion to stay discovery herein is whether Fox has shown, by clear and convincing evidence,
5  that it will prevail on the merits of its dispositive motion.  Any lesser standard encourages
6  blanket discovery stays where such stays are probably not warranted; any stricter standard
7  unnecessarily tasks the parties with discovery that will probably not be necessary.
8        B.  Fox Has Not Shown That It Will Prevail on its Motion to Dismiss
9        Fox argues in favor of dismissing this action on various grounds: Seven Springs'
10 failure to state a contribution claim under CERCLA § 113 due to failure to plead facts and
11 elements to support its innocent landowner defense, failure to allege prerequisites of a CERCLA
12 contribution action, and failure to state a claim for express contractual indemnity as the
13 agreement has either expired or does not extend to Seven Springs.
14        In regard to the innocent landowner defense, Seven Springs claims that Century
15 73 sold the site to Dorothy Lyddon in 1985, and therefore since she held an interest in Seven
16 Springs when it was formed, Seven Springs qualified for this defense when Lyddon acquired the
17 site.  In any event, Seven Springs asserts that it would independently qualify.  Fox responds that
18 Lyddon and Seven Springs are two distinct legal entities and Seven Springs cannot invoke this
19 defense through Lyddon.  Fox further argues that the complaint contains only bald legal
20 conclusions that do not contain facts supporting the elements of this claim.
21        With respect to Fox's first assertion, i.e., the general rule that a partnership's
22 property assets are distinct from the property assets of the partners, Fox does not clearly and
23 convincingly demonstrate that the assertion makes any difference in the outcome to the motion to
24 dismiss.  Assuming that Lyddon's partnership interests in Seven Springs, which are in excess of
25 99% (both as a limited and general partner) do not qualify as some type of exception to the
26 general rule, Fox does not argue (from a legal standpoint) that a "second" innocent purchaser

would not qualify for the innocent landowner defense in its own right. Nor does Fox argue as a legal matter that the entity Seven Springs (second purchaser) could not rely on its "owner's" (first purchaser) representations or beliefs in this regard.

More importantly, Fox confuses the pleading of conclusions with the pleading of factual predicates contained in a governing statute. It is one thing to simply conclude that one is entitled to an innocent landowner defense, and quite another to recite, even "parrot," the factual predicates contained in the governing statute. Fox's belief that a pleader must go beyond the ultimate factual recitations contained in the statute, e.g., not just plead that "all appropriate inquiries into the previous ownership and uses [were carried out]," but also must plead the precise steps it took – site inspections, review of public records, interviews, see Motion to Dismiss at 10, is the antithesis of notice pleading. See Swierkiewicz v. Sorema N-A, 534 U.S. 506, 122 S. Ct. 992 (2002). The undersigned cannot say that Fox will even probably prevail in its attack on the specifics of the complaint (or proposed amended complaint). Thus, even if Fox were to be found correct in its § 107 legal contentions, see below, discovery might well need to proceed on the § 113 innocent owner contentions.

Much contested and unclear, moreover, are Seven Springs' § 107 contribution and indemnity claims. Seven Springs cites plentiful authority in support of its argument that it may pursue a section 107 claim despite its concession that it does not meet the requirements to presently proceed under section 113 (assuming the absence of an innocent landowner defense). Seven Springs asserts that the recent leading case of Cooper Industries, Inc. v. Aviall Servs., Inc., 543 U.S. 157 (2004), did not change the holding in the seminal case of Key Tronic Corp. v. United States, 511 U.S. 809 (1994), which permits a potentially responsible person ("PRP") to pursue an action under § 107. Three judges from this district have agreed with Seven Springs' position, Kotrous v. Goss-Jewett Co. of Northern California, 2005 WL 1417152, *3 (E.D. Cal. 2005); Adobe Lumber, Inc. v. Taecker, 2005 WL 1367065, *1 (E.D. Cal. 2005); Adobe Lumber v. Hellman, 415 F. Supp.2d 1070, 1075 (E.D. Cal. 2006). Fox, on the other hand, colorably

1 contends that if Seven Springs' reading of the statute were correct, the prerequisites of a
2 contribution action under § 113 would be superfluous, citing Cooper Industries, 543 U.S. at 543,
3 544.  In fact, Fox's reply points to an Eighth Circuit case for which the Supreme Court has
4 granted certiorari and will (ironically) hear argument on April 23, 2007, in regard to this issue.
5 United States v. Atlantic Research Corp., 459 F.3d 827 (8th Cir. 2006), cert. granted, 127 S. Ct.
6 1144 (Jan. 19, 2007).   Fox also relies on two Ninth Circuit cases which hold that § 107 is
7 governed by § 113.  Pinal Creek Group v. Newmont Mining Corp., 113 F.3d 1298 (9th Cir.
8 1997); Western Properties Serv. Corp. v. Shell Oil Co., 358 F.3d 678 (9th Cir. 2004), although
9 these cases may beg the issue, or even be adverse to Fox.

10      Although from a superficial standpoint, Fox would seem to have the more logical
11 argument, Fox cannot claim that logic alone makes it the clear and convincing winner.
12 Obviously, the law is complex and both sides have points to make.

13      The issues surrounding the claim of express contractual indemnity include
14 whether the indemnity provisions have expired and whether Century 73's obligations under that
15 agreement extend to Seven Springs or are limited to Ms. Lyddon.  Fox would not clearly prevail
16 here as the provision cited in the purchase agreement may pertain to that agreement only and not
17 to the indemnity agreement.  The issue of Lyddon's ownership interest in Seven Springs and
18 legal implications in regard to the indemnity agreement are also complicated, but most
19 importantly, may well require discovery into the facts pertinent to the parties' intent when
20 contractual documents were executed.  Based on the filings pertaining to the motion to dismiss,
21 Fox has not made a clear and convincing showing that it will prevail on its motion to dismiss, at
22 least not that its motion will be dispositive of those portions of the case which will require
23 discovery.
24 \\\\\
25 \\\\\
26 CONCLUSION

If the only issue regarding the stay of discovery had been the ability of Seven Springs to pursue a § 107 contribution claim, it might have been more efficient to stay discovery and await the outcome of the pending motion and/or other cases. See <u>Adobe Lumber v. Hellman</u>, <u>supra</u>. However, as seen, this case involves other claims of which one, at least, is more factual than legal in nature. These claims are not clearly decided in Fox's favor at this time.

Accordingly, IT IS ORDERED that:

1. Defendant's motion to stay discovery, filed March 26, 2007, is denied.

2. The temporary discovery stay, imposed on March 30, 2007, is lifted.

DATED: 4/19/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076:SevenSprings.sta.amended.wpd